**JOSEPH W. CHARLES, P.C.**
5704 West Palmaire Avenue
Post Office Box 1737
Glendale, Arizona 85311-1737
Phone:  623-939-6546/ Fax:     623-939-6718
Email: **LawOffice@JoeCharles.com**

HARRY J. LENABURG
State Bar No. 005733
Attorney for Debtors/Plaintiffs

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>**MARK L. BURNS** and **KELLY R. BURNS,**<br><br>        Debtors. | Chapter 13 Proceedings<br><br>**Case No. 2:10-bk-02700-RJH** |
| **MARK L. BURNS** and **KELLY R. BURNS,**<br><br>        Movants,<br><br>v.<br><br>**BAC HOME LOAN SERVICING, LP**<br><br>        Respondents. | **RESPONSE TO MOTION FOR RELIEF FROM ORDER GRANTING SANCTIONS, VOIDING RECORDED TRUSTEE'S DEED, REVESTING PROPERTY BACK TO DEBTORS, AND AWARDING ATTORNEY'S FEES** |

    **COMES NOW,** Debtors, MARK L. BURNS and KELLY R. BURNS, by and through undersigned counsel and for their Response to the Motion filed by Respondent BAC, states as follows.

    Debtors entered into a loan modification prior to filing their bankruptcy case.  It was agreed that as of May 1, 2009 Debtors' arrearages would be included in the "New Unpaid Principal Balance," according to their Loan Modification Agreement.  As of April 2009, including past due principal payments, interest, escrow payments,

fees and/or costs the total owed to BAC was $603,464.33. In addition, Debtors' new monthly mortgage payment was reduced to $2,451.57, which Debtors paid starting May 1, 2009.

BAC was notified on February 3, 2010 by letter of these proceedings, and yet a foreclosure of Debtor's residence took place on February 5, 2010. Thereafter, BAC HOME LOANS SERVICING, L.P. filed a proof of claim in the bankruptcy matter, despite the loan modification agreement, wrongfully alleging that Debtors were deficient in their loan obligation. Debtors thereafter filed objections to BAC's erroneous claim and a motion requesting sanctions, attorney fees and to void the trustee's sale based on BAC's disregard for the automatic stay and further misrepresentations to the Court. BAC did not file a timely response and the Court granted Debtor's motion. Debtors incurred substantial additional attorney fees in connection with BAC's failure to act.

BAC states in its Motion that Debtors would have to prove that BAC knew about the bankruptcy petition in order to recover attorney fees. Debtor's counsel sent letters to BAC on October 29, 2010; February 24, 2011; and March 11, 2011 requesting compliance and cooperation in rescinding the trustee's sale and no response was received. BAC did not file a response to the Motion for Sanctions as of the date of the hearing, February 17, 2011, nor did they appear at the hearing to raise any objections.

**IT IS RESPECTFULLY REQUESTED** that the Court deny the Motion for Relief filed by BAC and affirm the prior order for sanctions, re-vesting the property back to Debtors and awarding Debtor's $3,975.00 as and for attorney fees.

**RESPECTFULLY SUBMITTED** this 4st Day of April 2011.

                                        **JOSEPH W. CHARLES, P.C.**

BY:     */s/ **Harry J. Lenaburg***
         Harry J. Lenaburg
         5704 W. Palmaire Avenue
         Post Office Box 1737
         Glendale, Arizona 85311-1737
         Attorneys for Debtors

**ORIGINAL** filed electronically this 4th Day of April 2011, and a **COPY** of the foregoing mailed to the following parties on this 4th Day of April, 2011.

Russell Brown
Chapter 13 Trustee
Suite 800
3838 N. Central Ave.
Phoenix, AZ 85012-1965

Recontrust Company, N.A.
2380 Performance Drive
TX2-985-07-03
Richardson, TX 75082

Wells Fargo Bank, N.A.
As Trustee
400 Countrywide Way SV-35
Simi Valley, CA 93065

BAC Home Loans Servicing LP
7105 Corporate Drive
Plano, TX 75024

| | |
|---|---|
| 1 | Hilary Bonial, Esq. |
| 2 | Brice, Vander Linden & Wernick, PC |
|   | PO Box 829009 |
| 3 | Dallas, TX 75382-9009 |
| 4 | |
|   | U.S. Trustee |
| 5 | Office of the U.S. Trustee |
|   | 230 N. 1st Ave. Suite 204 |
| 6 | Phoenix, AZ 85003 |
| 7 | By: /s/ Gwen Kemnitz |

- 4 -